**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 8:14-Cr-379-T-36TGW**

**JESUS HERNANDO ANGULO MOSQUERA**
_____/

**SENTENCING MEMORANDUM**

Mr. Jesus Hernando Angulo Mosquera, by and through undersigned counsel, respectfully files this sentencing memorandum requesting imposition of a 120-month sentence, which would be a downward variance from what the Defendant acknowledges is the Guidelines range correctly calculated by the Probation Office. *See* Presentence Investigation Report (hereinafter "PSR") at ¶ 70 (Jan. 11, 2016). Grounds therefore are as follows:

The Court, having tried this case, is familiar with the surrounding facts and circumstances. The PSR also provides a summary. Mr. Angulo-Mosquera, Age 54, has no prior criminal record (PSR at ¶¶ 33–40). He served as the cook on the subject vessel, the Hope II, the lowest-ranking member of the crew.

Four cooperating co-defendants pled guilty and testified at trial, then each received sentences of 63 months' imprisonment. Accepting the government's theory of the case and the jury's verdicts, Mr. Angulo-Mosquera's role was equal to or less

significant than any of these four.  While it is understood that they have been provided substantial benefits in exchange for their testimony, the requested 120-month sentence is almost double that of the cooperators, including Simon Ferraras-Trinidad, who has acknowledged serving a prior 84-month prison sentence for drug smuggling.

**Memorandum of Law**

**The Court has broad authority to fashion an appropriate sentence.**

A sentencing court may consider any factors or combination of factors that bear on its judgment of an appropriate sentence under 18 U.S.C. § 3553(a), to which judgment a reviewing court must afford "due deference."  *United States v Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc).  Under present sentencing authority, district courts have very broad authority to fashion appropriate sentences.  *See id.* at 1212  ("*Kimbrough* allows a district court to vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong.") *Also see United States v. Spears*, 555 U.S. 261 (2009).  "The guidelines are not only *mandatory* on sentencing courts, they are also not to be *presumed* reasonable."  *Nelson v. United States*, 555 U.S. 350, 352 (2009) (italics original).

**Proportionality and fairness are key goals of sentencing.**

Further, the newest model of sentencing, embodied in the United States Sentencing Guidelines, has "three main goals: (1) honesty, (2) fairness, and (3) proportionality . . . . To achieve proportionality, Congress replaced the theory that sentences should be imposed primarily to rehabilitate offenders with the theory that sentences should be no harsher than necessary to serve the four traditional purposes of

sentencing." *Id.* at 1229–30. 18 U.S.C. § 3553(a) embodies the "parsimony principle," which requires a court to impose a sentence "sufficient but not greater than necessary" to comply with the purposes of sentencing set forth in Section 3553(a)(2).

**2015 amendments to USSG §3B1.2 provides guidance concerning sentencing of minimal/minor participants.**

The Application Note language for this section was amended to suggest more permissive employment of these downward adjustments, which involve assessment of the "totality of the circumstances . . . heavily dependent upon the facts of the particular case." USSG §2B1.2, comment. (n. 3(C)). Factors to be considered include:

(i) *the degree to which the defendant understood the scope and structure of the criminal activity.*

(ii) *the degree to which the defendant participated in planning or organizing the criminal activity.*

(iii) *the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.*

(iv) *the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts:*

(v) *the degree to which the defendant stood to benefit from the criminal activity.*

*For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.*

*Id.* The owners and supervisors of the smuggling venture involving the Hope II undoubtedly had decision-making authority and a proprietary interest in the illicit cargo, but the mariners did not. A ten-year prison sentence for a first-offender in such a role,

3

meeting the statutory minimum mandatory intended for major drug traffickers, is certainly sufficient to achieve the goals of sentencing, and it far exceeds the sentences given to similarly situated defendants who testified.

**WHEREFORE,** Jesus Hernando Angulo-Mosquera respectfully requests that this Honorable Court impose a sentence of 120 months' imprisonment.

Respectfully Submitted,
*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.
Florida Bar No. 72041
13801 Walsingham Rd., #A-154
Largo, FL 33774
(727) 492-2551 - telephone
(727) 593-9822 - facsimile
E-mail:  christophirkerr@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL  33602-3800 on this 17th day of January, 2016.

*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.